KETHLEDGE, Circuit Judge, concurring.
I fully join Judge Keith's thoughtful opinion, which faithfully applies the so-called categorical approach to determining whether the Tennessee crime for which Cradler was convicted in 1978 was a violent felony for purposes of the Armed Career Criminal Act. Respectfully, though, that approach only gets in the way of applying the Act here. Nobody disputes that the indictment for Cradler's offense charged him only with conduct amounting to generic burglary (a violent felony for purposes of the Act). See Taylor v. United States , 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Thus, we can readily tell that Cradler was in fact convicted of a violent felony. Yet under the categorical approach we cannot consider that reality. See Descamps v. United States , 570 U.S. 254, 257, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). Instead we must look to the elements of the relevant Tennessee offense, which by their terms likewise seem to describe only generic burglary. But we are also bound by the Tennessee caselaw for the offense, which includes one case-from over fifty years ago and rarely cited since-where the Tennessee Supreme Court seems to have read the relevant statutory provision (notwithstanding its plain terms) to cover certain acts that are not generic burglary. So construed, the Tennessee offense encompasses more than generic burglary, and thus we are bound to hold that Cradler's generic burglary was not generic burglary for purposes of the Act. Whatever the merits of this approach, accuracy and judicial efficiency are not among them, at least not here. See id . at 284-94, 133 S.Ct. 2276 (Alito, J., dissenting). Meanwhile, Cradler will not serve the sentence mandated by Congress (and served by many similarly situated defendants) for carrying a gun after being convicted of three violent felonies, including one "that ... is burglary[.]" 18 U.S.C. § 924(e)(2)(B)(ii). Admittedly, the federal courts and the Supreme Court in particular have had a tough hand in trying to make sense of the Act's violent-felony provisions. But cases like this one make one wonder about the categorical approach's fairness too.